CHARLES G. BUTLER *v.* JOHN J. CRAIG, Executor, &c. et al.

It is the settled doctrine of this court, that no equitable exceptions can be engrafted upon the statutes of limitations, and where there is not an express exception the court will not create one. *Robertson* v. *Alford,* 13 S. & M. 510, cited and confirmed.

The statute (Hutch. Co. 931) provides, " that no writ of error shall issue unless within three years from the rendition of the judgment or decree sought to be reversed: " — *Held,* that the statute is positive and imperative, and this court cannot allow any equitable exceptions to it.

If loss or injury befall a plaintiff for a failure to issue a writ of error, in such case he can assert his rights against the person by whose neglect or violation of duty it was occasioned.

IN error from the northern district chancery court at Holly Springs; Hon. Henry Dickenson, vice-chancellor.

The facts upon which the decision was made are contained in the opinion of the court.

*D. C. Glenn* for appellant.

*H. A. Barr* for appellees.

Butler *v.* Craig et al.

Mr. Justice HANDY delivered the opinion of the court.

In this case, the defendants in error pleaded in bar to the writ of error, that it was not issued within three years next after the rendition of the decree; to which the plaintiff replies that, within that time, he filed his petition for the writ of error and his bond thereon, according to the statute, with the clerk of the court below, and to this replication the defendant demurs.

The plaintiff contends that, having done all that was within his power to obtain his writ of error, by filing his petition and bond in compliance with the act of 1837, Hutch. Co. 932, those acts amount virtually to an issuance of the writ, and should be considered as having that effect in law. But it has long been the settled doctrine of this court, that no equitable exceptions are to be engrafted upon the statutes of limitation, and that where there is not an express exception the court cannot create one. *Robertson* v. *Alford,* 13 S. & M. 510. Here the statute is positive and imperative, " that no writ of error shall issue unless within three years from the rendition of the judgment or decree sought to be reversed." Hutch. 931. It is impossible for this court to allow the equitable exception contended for, without virtually adding to the statute, " unless the clerk shall within the time prescribed fail or refuse to issue the writ, the plaintiff having complied with the provisions of the statute;" which, of course, this court has no more power to do by construction than by express enactment. And the defendant has the right secured to him under the positive rule of the statute, to consider the litigation in that suit finally determined, unless continued and prosecuted according to the provisions of the act; of which right he cannot be debarred.

The hardship to the plaintiff cannot justify the court in setting at nought the established rules of law, nor can it be used to the prejudice of the legal rights of the defendants. Such hardship, if it has caused a loss or injury to the plaintiff, can be asserted against the person by whose neglect or violation of duty it was occasioned.

The demurrer is sustained, and the writ of error dismissed.